**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2178-22

HASSAN SLY,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted February 26, 2024 – Decided May 3, 2024

Before Judges Gilson and Berdote Byrne.

On appeal from the New Jersey Department of Corrections.

Hassan Sly, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Sara M. Gregory, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Hassan Sly, an inmate at the East Jersey State Prison, appeals from a final administrative agency decision of the New Jersey Department of Corrections (DOC) upholding a disciplinary hearing officer's finding that he committed four prohibited acts and the imposition of sanctions. Appellant argues there was no substantial, credible evidence in the record to support the findings. After reviewing the record in light of the governing legal principles, we affirm.

I.

We discern the following from the record. On August 14, 2022, appellant was delivering food trays to other inmates during his morning shift as a kitchen worker. After entering a housing unit, Officers Sorrell and Castro heard another inmate call out to appellant, asking him to go up the stairs. Castro called out to appellant, ordering him to return to the officers' desk within the unit. Appellant did not immediately return and continued up the stairs. Upon his return, the officers questioned him regarding what he was doing upstairs and whether he heard the directive to return, which he denied hearing.

The officers then ordered appellant to turn around and place his hands on his head so they could frisk him and check for contraband. Appellant initially

2

complied, but during the pat down he turned toward Sorrell, who was frisking him. This prompted Sorrell to "take [appellant] down" to the ground and call for emergency assistance from other officers. Other officers arrived and assisted Sorrell in handcuffing and escorting appellant out of the unit. The incident was video-recorded and submitted into evidence.

In his written statement made after the incident, Sorrell reported "in the beginning [appellant] was compliant with my orders. I retrieved a yellow piece of paper out of his pocket, attempting to search his other side/pocket . . . is when [appellant] turned towards me in the middle of the pat down, and I immediately took him down . . . ." Appellant was charged, in violation of N.J.A.C. 10A:4-4.1(a), with attempted assault, *.803/.002, refusal to submit to a search, *.708, failure to comply with a written rule or regulation of the correctional facility, *.709, and engaging in conduct which disrupts or interferes, *.306.

A corrections sergeant investigated the incident and referred the charges to a disciplinary hearing officer. Appellant requested and was afforded the assistance of a counsel substitute during the hearing, N.J.A.C. 10A:4-9.12(a). He pleaded not guilty to the charges, contending he did not resist the officers, did not refuse the search, and only turned his head toward the officer to inform

3

him he was experiencing pain caused by the officer's elbow on his back during the pat down. He also provided the hearing officer with a written statement denying he resisted.

During the hearing, appellant was offered the opportunity to call witnesses, cross-examine adverse witnesses, and review video footage but declined. The evidence presented at the hearing consisted of a video,[1] thirty-one reports and documents, including numerous officers' statements, and appellant's written statement. Both Sorrell and Castro provided corroborative written reports stating appellant turned toward Sorrell during the pat down and was immediately put on the ground before Sorrell called for assistance on the radio.

The hearing officer reviewed the submitted documentation and a video of the incident and summarized the evidence as follows:

> [Appellant] states he turned his head during the search. The C/O stated he was non-compliant & attempted to resist & assault him during the search. The inmate stated he was in pain & was turning around to tell the C/O. He did not call out to the officer. The C/O felt the inmate was attempting to assault him & tried to take the inmate down. The inmate resisted the take down & a code was called. The [appellant] said he did not resist but the video

---

[1] The video was not provided on appeal.

A-2178-22

clearly shows [him] resisting & several officers having to get involved.

The hearing officer found appellant guilty of the charges. As a result of the violations, appellant received sanctions, including one year in the restorative housing unit, one year loss of commutation time, thirty days loss of recreational privileges, and thirty days loss of email, J-Pay, telephone, tablet, radio, television, and canteen privileges.

Appellant administratively appealed the decision. The assistant superintendent upheld the hearing officer's decision and concluded the sanctions were proportionate to the offenses. This appeal followed.

II.

The scope of our review is limited. Malacow v. N.J. Dep't of Corr., 457 N.J. Super. 87, 93 (App. Div. 2018). As a general matter, "[w]e will disturb an agency's adjudicatory decision only upon a finding that the decision is 'arbitrary, capricious or unreasonable,' or is unsupported 'by substantial credible evidence in the record as a whole.'" Blanchard v. N.J. Dep't of Corr., 461 N.J. Super. 231, 237-38 (App. Div. 2019) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)); see also N.J.A.C. 10A:4-9.15(a). "Substantial evidence has been defined alternatively as 'such evidence as a reasonable mind might accept as adequate to support a conclusion,' and

'evidence furnishing a reasonable basis for the agency's action.'" Id. at 238 (quoting Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 192 (App. Div. 2010)).

When reviewing a prison disciplinary matter, we also consider whether the DOC followed the regulations adopted to afford an inmate procedural due process. See McDonald v. Pinchak, 139 N.J. 188, 194-95 (1995); Jacobs v. Stephens, 139 N.J. 212, 220-22 (1995). Admittedly, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due [to] a defendant in such proceedings does not apply." Jenkins v. Fauver, 108 N.J. 239, 248-49 (1987) (quoting Wolff v. McDonnell, 418 U.S. 539, 556 (1974)). However, the inmate's more limited procedural rights, initially set forth in Avant v. Clifford, 67 N.J. 496, 525-46 (1975), are codified in a comprehensive set of DOC regulations. See N.J.A.C. 10A:4-9.1 to -9.28. Those rights include an inmate's entitlement to a limited right to confront and cross-examine adverse witnesses, N.J.A.C. 10A:4-9.14, the opportunity to call witnesses and evidence, N.J.A.C. 10A:4-9.13, and, in certain circumstances, the assistance of counsel substitute, N.J.A.C. 10A:4-9.12. These regulations "strike the proper balance between the security concerns of the prison, the need for swift and fair discipline, and the due-process rights of the inmates."

Williams v. Dep't of Corr., 330 N.J. Super. 197, 203 (2000) (citing McDonald, 139 N.J. at 202).

Applying these principles, we are satisfied there was substantial credible evidence in the record to support the findings and sanctions. Sorrell and Castro's reports indicate appellant was directed to return to the officers' desk but failed to comply. Upon his return, he was told to submit to a pat down. They noted although appellant initially complied, he turned towards Sorrell before the pat down was completed. All officers who assisted in subduing appellant reported he was resisting while on the ground when they attempted to handcuff him. Lastly, video evidence supports the finding appellant resisted.

As the fact finder, the hearing officer was permitted to consider the reports as evidence and rely on the examination of physical evidence. N.J.A.C. 1:1-15.1. The hearing officer relied on the numerous corroborative reports and on video evidence of the interaction for corroboration. The only contrary evidence offered was the testimony of appellant. We discern no basis to disturb these findings and conclude the sanctions imposed are consistent with DOC regulations.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2178-22